IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

IN RE:

MARK ANTHONY BILLUPS  Case No. 10-22992
LEEANNA KAY BILLUPS  Chapter 13

## CHAPTER 13 PLAN

**For purposes of the plan, the terms "Debtor" and "Debtors" shall refer to both individual or joint debtors.**

DEBTOR'S ATTORNEY **Bradley H. Medlin** KANSAS SUPREME COURT # **18273**

DEBTOR:        **Mark Anthony Billups**       last four of SSN: **xxx-xx-3744**
JOINT DEBTOR:  **Leeanna Kay Billups**        last four of SSN: **xxx-xx-1421**

ADDRESS:       **209 S Montclaire Drive, Olathe, KS 66061**

### PLAN PAYMENT
**$965.00 per Month.**
Debtor shall make plan payments by direct payment to the Chapter 13 Trustee.

1. In the event Debtor changes employers during the plan, Debtor shall immediately advise the Trustee of the name, address, and pay frequency for the new employer, and requests that the Trustee issue a request for payroll deduction to Debtor's new employer.
2. If this is a joint filing, and the Debtor fails to advise the Trustee of the information on the new employer within 30 days after the change in employment, Debtors request that the Trustee issue a request for payroll deduction to Joint Debtor's employer (if Joint Debtor is employed).
3. In the event employer pay is not in effect for any reason, and payments are not made within 30 days of the due date without the filing of a plan modification for abatement of same, the Trustee shall issue a request for payroll deduction from either Debtor's new employer or Joint Debtor's employer (if this is a joint filing and the Joint Debtor is employed).
4. Debtor acknowledges that the payment amount may have to increase due to claim amounts, additional attorney fees, plan modifications, or to otherwise comply with the requirement that all plans complete within 5 years, and consents in advance to any payment increases necessary to properly fund the plan.

### ADMINISTRATIVE
1. Debtor acknowledges that the Trustee charges a fee for all funds administered by his office, and agrees and proposes to pay said fee in the plan.
2. Debtor proposes to pay the required filing fee as follows:
Already paid **$274.00**; to be paid through plan **$0.00**
3. Debtor proposes to pay attorney's base fee as follows:
Already paid **$0.00**; to be paid through plan **$2,999.00**

A minimum of 50% of the plan payment shall be paid toward attorney fees until paid in full. If attorney fees are incurred in excess of the above amount, they shall be paid a minimum of 50% of the plan payment until they are paid in full. In the event the case is in a posture to pay more on the attorney fees than 50% of the plan payment, without adversely affecting distribution to creditors being paid through the plan, the Trustee is requested to pay such amount as is, in his/her opinion, appropriate. In the event this case is dismissed or converted, attorney fees shall be paid first out of funds available.

### PAYMENT OF CLAIMS
The Trustee shall determine the amount and frequency of "fixed monthly payments" to secured claimants and holders of domestic support obligations.

### PRIORITY CREDITORS
1. Current, Unassigned Domestic Support Obligations - None.
2. Unassigned arrearages owed to DSO holders - None.
3. Arrearages owed to DSO holders assigned or owed to a governmental unit - None.

### OTHER PRIORITY CLAIMS

| CREDITOR | ESTIMATED CLAIM |
|---|---|
| **Department of Treasury** Internal Revenue Service | $24,998.85 |
| **Kansas Department of Revenue** | $ 2,300.00 |

Tax claims shall be paid as filed unless the debtors file an objection prior to the issuance of the order allowing claims. Federal and state tax returns due for the preceding 6 years have been filed.

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES
1. Post petition payments on executory contracts and unexpired leases which are assumed shall be paid directly by Debtor.
2. Any prepetition arrearages shall be cured by payments made through the plan. Claims for such arrearages shall be paid pro rata with other secured creditors.

Name:                  None.
Property description:  N/A
Assume or reject:      N/A

### HOME MORTGAGE
The amount of the pre-petition arrearage as specified in the creditor's proof of claim shall govern, unless specifically controverted in this plan or by an objection to the claim as required by D. Kan. LBR 3015(b)1.

## IN THE EVENT THE MORTGAGE IS CURRENT AT THE TIME OF FILING

Debtor is current on the mortgage indebtedness as of the date of filing. Current payments will be made directly to the creditor. Upon discharge, the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events. (Retain lien 11 U.S.C. 1325(a)(5)).

MORTGAGE LENDER:

James B. Nutter & Co.
4153 Broadway
Kansas City MO 64111

*Mortgage is current at the time of commencement of case and shall be paid direct to mortgage lender outside of this Chapter 13 Plan.*

## OTHER SECURED CREDITORS
Secured creditors, other than those secured only by a mortgage on the Debtor's homestead, shall be paid as follows:
(1) If the debt is secured by:
    a. A purchase money security interest in a vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition; or
    b. A purchase money security interest in any other thing of value acquired within one year of filing the bankruptcy petition -

The creditor shall be paid the amount of its claim at the Trustee's discount rate of interest. Upon the filing of a proof of claim by the creditor (and not until then), the Trustee shall pay adequate protection payments of .5% of the claim. (Retain lien 11 U.S.C. 1325(a)(5)).

-------

(2) If the debt is secured by any other property, the creditor shall be paid the lowest of the following:

(a) amount of claim as filed by creditor;
(b) value of collateral as listed in plan;
(c) value of collateral as listed in creditor's claim.

Secured claims shall be paid the Trustee's discount rate of interest applicable at time of filing. Upon the filing of a proof of claim by the creditor (and not until then), the Trustee shall pay adequate protection payments of .5% of the claim. (Retain lien 11 U.S.C. 1325(a)(5)).

| CREDITOR | COLLATERAL | ESTIMATED AMOUNT OF CLAIM | VALUE OF COLLATERAL | PAYMENT METHOD AS PER ¶ 1 OR 2 /or Surrender Collateral |
|---|---|---|---|---|
| GMAC<br>PO Box 380901<br>Bloomington MN 55438 | 2007 Chrysler Town & Country Van | 19,000.00 | $17,000.00 | Pay Per Paragraph (1) |

LIEN AVOIDANCES TO BE FILED: **None anticipated at this time.**

**UNSECURED CREDITORS**
General unsecured claims shall include all creditors holding unsecured claims (both priority and non-priority, and including attorney fees) not otherwise designated as special class. Payment, if any, shall be on a pro rata basis unless otherwise indicated. All allowed claims of this class shall be paid in an amount under the plan which is not less than the amount that would be paid on such claims if the estate of the Debtor was liquidated under Chapter 7 on the date of the filing of the petition herein. For the purposes of the liquidation analysis, there shall be included any payments for Debtor's attorney fees and payments on priority unsecured debts.

**SPECIAL CLASS CREDITORS**
Special class creditors listed below, if any, shall be paid as follows:
(A) NSF checks (other than those associated with a payday loan) that are less than 2 years old shall be paid the face amount of the check + the service charge (up to the limit permitted by statute) - any amount of the claim filed which exceeds this shall be allowed as a general unsecured claim;
(B) Debts with a nonfiling codebtor shall be paid in full at the contract rate of interest to protect the codebtor, and shall be paid pro rata along with secured creditors;
(C) Court fines and penalties shall be paid prior to secured creditors in order to prevent revocation of probation/parole.
(D) Other special class creditors holding nondischargeable claims shall be paid the amount set forth below plus post judgment interest as provided by 28 U.S.C. §1961 and shall be paid along with secured creditors.

| CLASS MEMBER | TYPE OF CLASS | ESTIMATED CLAIM |
|---|---|---|
| None | N/A | N/A |

**TERMINATION**

Plan shall terminate upon payment of the above **60 Months**, but no more than 60 months. If the Debtor's income is above the median income, the plan must run 60 months. Otherwise the plan must run a minimum of 36 months.

**SPECIAL NOTES**
Any creditor who is to be paid direct outside the plan under the terms of the plan shall not be deemed to have violated the automatic stay by continuing to send normal monthly billing statements to the Debtor. Debtor requests that any such creditor continue to send normal monthly billing statements, and will not file any motion for sanctions on the basis of same.

Dated: 08/30/2010

_____
Mark Anthony Billups, Debtor

_____
Leeanna Kay Billups, Joint Debtor